Holly Roark (ISBN 7143)
ROARK LAW OFFICES
950 Bannock St. Ste. 1100
Boise, ID 83702
T (208) 536-3638
F (310) 553-2601
holly@roarklawboise.com

Attorney for Defendant, CNS COMPANY LLC,
an Idaho limited liability company

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In Re:<br><br>SHILOH MANAGEMENT SERVICES, INC.<br><br><br><br>Debtor(s) | Case No.  17-01458-JMM<br>Chapter 7<br><br>Adversary No. 19-06069-JMM |
| NOAH HILLEN, solely in his capacity as<br>Chapter 7 Trustee for the above-referenced<br>bankruptcy estate,<br><br>Plaintiffs,<br>vs.<br><br>CNS COMPANY LLC, an Idaho limited<br>liability company, DOES 1-5,<br><br>Defendants. | |

**ANSWER TO COMPLAINT**

Defendant CNS COMPANY LLC, an Idaho limited liability company ("Defendant"), by

and through his undersigned counsel Roark Law Offices and without admitting any liability or

damages to plaintiff Noah G. Hillen ("Plaintiff"), and without assuming the burden of proof as to

ANSWER TO COMPLAINT – PAGE 1

any issue in this litigation, hereby answers Plaintiff's Complaint to Avoid Transfers and Unperfected Liens (Dkt. 1) ("Complaint") and admits, denies, and alleges as follows:

## **NATURE OF ACTION**

1.     The allegations in Paragraph 1 contain statements and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 1 of the Complaint.

2.     Paragraph 2 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 2 of the Complaint.

3.     With respect to Paragraph 3, Defendant denies that its liens are unperfected in parcels of real property located in Canyon County, Idaho, at 19972 Wilson Lane, Wilder, ID; 20154 Ebenezer Lane, Caldwell, ID; and 904 7th Avenue N, Nampa, ID. The remaining allegations in Paragraph 3 of the Complaint contain statements and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 3 of the Complaint.

## **PARTIES**

4.     Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.     Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.     Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 6 of the Complaint and, therefore, denies the same.

ANSWER TO COMPLAINT – PAGE 2

## JURISDICTION AND VENUE

7.      Paragraph 7 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 9 of the Complaint.

10.     Paragraph 10 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 11 of the Complaint.

## FACTUAL BACKGROUND

12.     Defendant admits the allegations contained in paragraph 12 of the Complaint.

### Pre-petition transfer – Ebenezer property

13.     Paragraph 13 of the Complaint contains statements and conclusions of law to which no response is required. The term "invested" calls for a legal conclusion. Defendant responds that defendant loaned money to Plaintiff secured by the Ebenezer property. To the extent any further response is required, Defendant denies the allegations set forth in paragraph 13 of the Complaint.

ANSWER TO COMPLAINT – PAGE 3

14.    Paragraph 14 of the Complaint contains statements and conclusions of law to which no response is required. The term "investment" calls for a legal conclusion. Defendant responds that defendant loaned $35,000 to Plaintiff secured by the Ebenezer property. Defendant was to be paid back the principal of its loan, plus interest on the loan. Defendant denies that it was to be paid "fifty percent (50%) of the 'equity' based on the sale price," but states that it was to be paid 50% of the NET Equity of the sales price, to wit, The difference between the sales price, lest cost of sale (such as, but not limited to, commissions, taxes, closing costs and interest on 1st position note and deed of trust against the property) and principle loan amounts that encumber said property.

15.    Defendant admits the allegations contained in paragraph 15 of the Complaint.

16.    Paragraph 16 of the Complaint contains statements and conclusions of law to which no response is required. Specifically, the term "investment" calls for a legal conclusion. Other than the legal characterization of the loan as an investment, to which Defendant objects, Defendant admits the remaining allegations contained in paragraph 16 of the Complaint.

17.    Defendant admits the allegations contained in paragraph 17 of the Complaint.

18.    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 18 of the Complaint and, therefore, denies the same.

19.    Defendant admits the allegations contained in paragraph 19 of the Complaint.

20.    Defendant admits the allegations contained in paragraph 20 of the Complaint.

21.    Defendant admits the allegations contained in paragraph 21 of the Complaint.

22.    Defendant admits the allegations contained in paragraph 22 of the Complaint.

**Pre-petition transfer – Batt Corner Property**

23.    Paragraph 23 of the Complaint contains statements and conclusions of law to which no response is required. The term "invested" calls for a legal conclusion. Defendant responds that defendant loaned money to Plaintiff secured by the Batt Corner property. To the

ANSWER TO COMPLAINT – PAGE 4

extent any further response is required, Defendant denies the allegations set forth in paragraph 23 of the Complaint.

24.      Paragraph 24 of the Complaint contains statements and conclusions of law to which no response is required. The term "investment" calls for a legal conclusion. Defendant responds that defendant loaned $35,000 to Plaintiff secured by the Batt Corner property. Defendant was to be paid back the principal of its loan, plus interest on the loan. Defendant denies that it was to be paid "fifty percent (50% )of the 'equity' based on the sale price," but states that it was to be paid 50% of the NET Equity of the sales price, to wit, The difference between the sales price, lest cost of sale (such as, but not limited to, commissions, taxes, closing costs and interest on 1st position note and deed of trust against the property) and principle loan amounts that encumber said property.

25.      Defendant admits the allegations contained in paragraph 25 of the Complaint.

26.      Paragraph 26 of the Complaint contains statements and conclusions of law to which no response is required. Specifically, the term "investment" calls for a legal conclusion. Other than the legal characterization of the loan as an investment, to which Defendant objects, Defendant admits the remaining allegations contained in paragraph 26 of the Complaint.

27.      Defendant admits the allegations contained in paragraph 27 of the Complaint.

28.      Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 28 of the Complaint and, therefore, denies the same.

29.      Defendant admits the allegations contained in paragraph 29 of the Complaint.

30.      Defendant admits the allegations contained in paragraph 30 of the Complaint.

31.      Defendant admits the allegations contained in paragraph 31 of the Complaint.

32.      Defendant admits the allegations contained in paragraph 32 of the Complaint.

ANSWER TO COMPLAINT – PAGE 5

**Pre-petition-date liens – 25894 Chandler property**

33.    Paragraph 33 of the Complaint contains statements and conclusions of law to which no response is required. The term "invested" calls for a legal conclusion. Defendant responds that defendant loaned money to Plaintiff secured by the 25894 Chandler property. To the extent any further response is required, Defendant denies the allegations set forth in paragraph 33 of the Complaint.

34.    Paragraph 34 of the Complaint contains statements and conclusions of law to which no response is required. The term "investment" calls for a legal conclusion. Defendant responds that defendant loaned $40,000 to Plaintiff secured by the 25984 Chandler property. Defendant was to be paid back the principal of its loan, plus interest on the loan. Defendant denies that it was to be paid "fifty percent (50% )of the 'equity' based on the sale price," but states that it was to be paid 50% of the NET Equity of the sales price, to wit, The difference between the sales price, lest cost of sale (such as, but not limited to, commissions, taxes, closing costs and interest on 1st position note and deed of trust against the property) and principle loan amounts that encumber said property.

35.    Defendant admits the allegations contained in paragraph 35 of the Complaint.

36.    Paragraph 36 of the Complaint contains statements and conclusions of law to which no response is required. Specifically, the term "investment" calls for a legal conclusion. Other than the legal characterization of the loan as an investment, to which Defendant objects, Defendant admits the remaining allegations contained in paragraph 36 of the Complaint.

37.    Defendant admits the allegations contained in paragraph 37 of the Complaint.

38.    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 38 of the Complaint and, therefore, denies the same.

39.    Defendant admits the allegations contained in paragraph 39 of the Complaint.

40.    Defendant admits the allegations contained in paragraph 40 of the Complaint.

41.    Defendant admits the allegations contained in paragraph 41 of the Complaint.

42.    Defendant admits the allegations contained in paragraph 42 of the Complaint.

**Pre-petition transfer – 19920 Wilson Property**

43.    Paragraph 43 of the Complaint contains statements and conclusions of law to which no response is required. The term "invested" calls for a legal conclusion. Defendant responds that defendant loaned money to Plaintiff secured by the 19920 Wilson Lane property. To the extent any further response is required, Defendant denies the allegations set forth in paragraph 43 of the Complaint.

44.    Paragraph 44 of the Complaint contains statements and conclusions of law to which no response is required. The term "investment" calls for a legal conclusion. Defendant responds that defendant loaned $55,000 to Plaintiff secured by the 19920 Wilson Lane property. Defendant was to be paid back the principal of its loan, plus interest on the loan. Defendant denies that it was to be paid "fifty percent (50% )of the 'equity' based on the sale price," but states that it was to be paid 50% of the NET Equity of the sales price, to wit, The difference between the sales price, lest cost of sale (such as, but not limited to, commissions, taxes, closing costs and interest on 1st position note and deed of trust against the property) and principle loan amounts that encumber said property.

45.    Defendant admits the allegations contained in paragraph 45 of the Complaint.

46.    Paragraph 46 of the Complaint contains statements and conclusions of law to which no response is required. Specifically, the term "investment" calls for a legal conclusion. Defendant denies that the deed of trust securing this loan was recorded on March 14, 2017. Defendant states that a deed of trust securing this loan was recorded on January 27, 2017, as instrument number 2017-003580 in the Official Records of the Canyon County Recorder's Office.

47.    Defendant denies the allegations contained in paragraph 47 of the Complaint.

ANSWER TO COMPLAINT – PAGE 7

48.     Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 48 of the Complaint and, therefore, denies the same.

49.     Defendant admits the allegations contained in paragraph 49 of the Complaint.

50.     Defendant admits the allegations contained in paragraph 50 of the Complaint.

51.     Defendant admits the allegations contained in paragraph 51 of the Complaint.

52.     Defendant admits the allegations contained in paragraph 52 of the Complaint.

**Pre-petition transfer – 25936 Chandler Property**

53.     Paragraph 53 of the Complaint contains statements and conclusions of law to which no response is required. The term "invested" calls for a legal conclusion. Defendant responds that defendant loaned money to Plaintiff secured by the 25936 Chandler property. To the extent any further response is required, Defendant denies the allegations set forth in paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint contains statements and conclusions of law to which no response is required. The term "investment" calls for a legal conclusion. Defendant responds that defendant loaned $40,000 to Plaintiff secured by the 25936 Chandler property. Defendant was to be paid back the principal of its loan, plus interest on the loan. Defendant denies that it was to be paid "fifty percent (50% )of the 'equity' based on the sale price," but states that it was to be paid 50% of the NET Equity of the sales price, to wit, The difference between the sales price, lest cost of sale (such as, but not limited to, commissions, taxes, closing costs and interest on 1st position note and deed of trust against the property) and principle loan amounts that encumber said property.

55.     Defendant admits the allegations contained in paragraph 55 of the Complaint.

56.     Paragraph 56 of the Complaint contains statements and conclusions of law to which no response is required. Specifically, the term "investment" calls for a legal conclusion.

ANSWER TO COMPLAINT – PAGE 8

Other than the legal characterization of the loan as an investment, to which Defendant objects, Defendant admits the remaining allegations contained in paragraph 56 of the Complaint.

57.    Defendant admits the allegations contained in paragraph 57 of the Complaint.

58.    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 58 of the Complaint and, therefore, denies the same.

59.    Defendant admits the allegations contained in paragraph 59 of the Complaint.

60.    Defendant admits the allegations contained in paragraph 60 of the Complaint.

61.    Defendant admits the allegations contained in paragraph 61 of the Complaint.

62.    Defendant admits the allegations contained in paragraph 62 of the Complaint.

63.    Defendant admits the allegations contained in paragraph 63 of the Complaint.

64.    Defendant denies the allegations contained in paragraph 64 of the Complaint. See, e.g. response to paragraph 46.

65.    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 65 of the Complaint and, therefore, denies the same.

**Pre-petition transfers – 904 7th Avenue; 123 14th Avenue; 134 Delaware Avenue**

66.    Defendant admits the allegations contained in paragraph 66 of the Complaint.

67.    Defendant admits the allegations contained in paragraph 67 of the Complaint.

68.    Defendant admits the allegations contained in paragraph 68 of the Complaint.

69.    Defendant admits the allegations contained in paragraph 69 of the Complaint.

70.    Paragraph 70 of the Complaint contains statements and conclusions of law to which no response is required. The term "investment" calls for a legal conclusion. Defendant responds that defendant was to be paid back the principal of its loans, plus interest on the loans as set forth in the notes. Defendant denies that it was to be paid "fifty percent (50% )of the 'equity' based on the sale price," but states that upon the sale of the properties or the maturity date of the notes of August 24, 2017, whichever occurs first, on the 7th Avenue Note, it was to be

paid its principal of $62,000 plus 6% interest, plus "Equity at $23,500"; on the 14th Avenue Note, it was to be paid its principal of $40,000 plus 6% interest, plus "Net Equity MINIMUM of $18,096" but at "fifty percent (50% )of the 'equity' based on the sale price," but states that it was to be paid 50% of the NET Equity of the sales price, to wit, The difference between the sales price, lest cost of sale (such as, but not limited to, commissions, taxes, closing costs and interest on 1st position note and deed of trust against the property) and principle loan amounts that encumber said property; and on the Delaware Note, it was to be paid its principal of $63,000 plus 6% interest, plus "Equity at $19,009".

71.    Defendant admits the allegations contained in paragraph 71 of the Complaint.

72.    Defendant admits the allegations contained in paragraph 72 of the Complaint.

73.    Defendant admits the allegations contained in paragraph 73 of the Complaint.

74.    Defendant admits the allegations contained in paragraph 74 of the Complaint.

75.    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 75 of the Complaint and, therefore, denies the same.

76.    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 76 of the Complaint and, therefore, denies the same.

77.    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 77 of the Complaint and, therefore, denies the same.

78.    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 78 of the Complaint and, therefore, denies the same

79.    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 79 of the Complaint and, therefore, denies the same.

80.    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 80 of the Complaint and, therefore, denies the same.

## **Petition-date-liens – 19972 Wilson Lane**

81.     Paragraph 81 of the Complaint contains statements and conclusions of law to which no response is required. The term "invested" calls for a legal conclusion. Defendant responds that defendant loaned money to Plaintiff secured by the 19972 Wilson Lane property. To the extent any further response is required, Defendant denies the allegations set forth in paragraph 81 of the Complaint.

82.     Paragraph 82 of the Complaint contains statements and conclusions of law to which no response is required. The term "investment" calls for a legal conclusion. Defendant responds that defendant loaned $35,000 to Plaintiff secured by the 19972 Wilson Lane property.

83.     Paragraph 83 of the Complaint contains statements and conclusions of law to which no response is required. Specifically, the term "investment" calls for a legal conclusion. Other than the legal characterization of the loan as an investment, to which Defendant objects, Defendant admits the remaining allegations contained in paragraph 56 of the Complaint.

84.     Paragraph 84 of the Complaint contains statements and conclusions of law to which no response is required. The term "investment" calls for a legal conclusion. Defendant responds that defendant loaned $35,000 to Plaintiff secured by the 19972 Wilson Lane property. Defendant was to be paid back the principal of its loan, plus interest on the loan. Defendant denies that it was to be paid "fifty percent (50% ) of the 'equity' based on the sale price," but states that it was to be paid 50% of the NET Equity of the sales price, to wit, The difference between the sales price, lest cost of sale (such as, but not limited to, commissions, taxes, closing costs and interest on 1st position note and deed of trust against the property) and principle loan amounts that encumber said property.

85.     Defendant admits the allegations contained in paragraph 85 of the Complaint.

86.     Defendant admits the allegations contained in paragraph 86 of the Complaint.

87.     Defendant admits the allegations contained in paragraph 87 of the Complaint.

ANSWER TO COMPLAINT – PAGE 11

88.    Defendant admits the allegations contained in paragraph 88 of the Complaint.

89.    Defendant admits the allegations contained in paragraph 89 of the Complaint.

90.    Defendant admits the allegations contained in paragraph 90 of the Complaint.

91.    Defendant admits the allegations contained in paragraph 91 of the Complaint.

**Petition-date-liens – 20154 Ebenezer Lane**

92.    Paragraph 92 of the Complaint contains statements and conclusions of law to which no response is required. The term "invested" calls for a legal conclusion. Defendant responds that defendant loaned money to Plaintiff secured by the 20154 Ebenezer Lane property. To the extent any further response is required, Defendant denies the allegations set forth in paragraph 92 of the Complaint.

93.    Paragraph 93 of the Complaint contains statements and conclusions of law to which no response is required. The term "investment" calls for a legal conclusion. Defendant responds that defendant loaned $40,000 to Plaintiff secured by the 20154 Ebenezer Lane property.

94.    Paragraph 94 of the Complaint contains statements and conclusions of law to which no response is required. Specifically, the term "investment" calls for a legal conclusion. Other than the legal characterization of the loan as an investment, to which Defendant objects, Defendant admits the remaining allegations contained in paragraph 94 of the Complaint.

95.    Paragraph 95 of the Complaint contains statements and conclusions of law to which no response is required. The term "investment" calls for a legal conclusion. Defendant responds that defendant loaned $40,000 to Plaintiff secured by the 20154 Ebenezer Lane property. Defendant was to be paid back the principal of its loan, plus interest on the loan. Defendant denies that it was to be paid "fifty percent (50% ) of the 'equity' based on the sale price," but states that it was to be paid the greater of the "'Minimum Equity' amount of $27,573

ANSWER TO COMPLAINT – PAGE 12

(TWENTY SEVEN THOUSAND FIVE HUNDRED SEVENTY THREE AND NO/100

DOLLARS)" and 50% of the NET Equity as defined in the Note.

96.    Defendant admits the allegations contained in paragraph 96 of the Complaint.

97.    Defendant admits the allegations contained in paragraph 97 of the Complaint.

98.    Defendant admits the allegations contained in paragraph 98 of the Complaint.

99.    Defendant admits the allegations contained in paragraph 99 of the Complaint.

100.    Paragraph 100 of the Complaint contains statements and conclusions of law to
which no response is required.

101.    Paragraph 101 of the Complaint contains statements and conclusions of law to
which no response is required.

102.    Paragraph 102 of the Complaint contains statements and conclusions of law to
which no response is required.

## COUNT 1 – DECLARATORY JUDGMENT RECHARACTERIZING CNS COMPANY'S INVESTMENTS AS EQUITY INVESTMENTS, NOT LOANS

103.    Defendant reasserts all of the foregoing paragraphs as if fully set forth herein.

104.    With respect to the allegations in Paragraph 104, Debtor admits that no interest
payments were required while the Debtor owned the Property. Paragraph 104 of the Complaint
contains statements and conclusions of law to which no response is required. The term
"investment" calls for a legal conclusion. To the extent a response is required, Defendant denies
the allegations set forth in paragraph 104, except as explicitly admitted herein.

105.    Paragraph 105 of the Complaint contains statements and legal conclusions to
which no response is required. To the extent a response is required, Defendant denies the
allegations set forth in paragraph 105.

ANSWER TO COMPLAINT – PAGE 13

106.     Paragraph 106 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 106.

107.     Defendant denies the allegations in Paragraph 107 of the Complaint.

108.     Paragraph 108 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 108.

109.     Paragraph 109 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 109.

## COUNT 2 – AVOIDANCE OF DEEDS OF TRUST (11 U.S.C. §548)

110.     Defendant reasserts all of the foregoing paragraphs as if fully set forth herein.

111.     Paragraph 111 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 111.

112.     Paragraph 112 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 112.

113.     Paragraph 113 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 113.

114.     Paragraph 114 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 114.

ANSWER TO COMPLAINT – PAGE 14

115.    Paragraph 115 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 115.

116.    Paragraph 116 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 116.

117.    Paragraph 117 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 117.

## <u>COUNT 3 – AVOIDANCE OF PRE-PETITION PREFERENCE TRANSFERS</u>
## <u>(11 U.S.C. §547)</u>

118.    Defendant reasserts all of the foregoing paragraphs as if fully set forth herein.

119.    Paragraph 119 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 119.

120.    Paragraph 120 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 120.

121.    Paragraph 121 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 121.

122.    Paragraph 122 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 122.

123.     Paragraph 123 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 123.

124.     Paragraph 124 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 124.

125.     Paragraph 125 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 125.

126.     Paragraph 126 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 126.

127.     Paragraph 127 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 127.

128.     Paragraph 128 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 128.

129.     Paragraph 129 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 129.

130.     Paragraph 130 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 130.

## COUNT 4 – (ALTERNATIVE) AVOIDANCE OF UNPERFECTED LIEN

## (11 U.S.C. §544)

131.    Defendant reasserts all of the foregoing paragraphs as if fully set forth herein.

132.    Paragraph 132 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 132.

133.    Paragraph 133 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 133.

134.    Paragraph 134 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 134.

135.    Defendant admits the allegations contained in paragraph 135 of the Complaint.

136.    Paragraph 136 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 136.

137.    Paragraph 137 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 137.

138.    Paragraph 138 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 138.

139.    Paragraph 139 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 139.

140.     Paragraph 140 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 140.

## COUNT 5 – (ALTERNATIVE) AVOIDANCE OF LIENS

## (U.S.C. §558)

141.     Defendant reasserts all of the foregoing paragraphs as if fully set forth herein.

142.     Paragraph 142 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 142.

143.     Paragraph 143 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 143.

144.     Paragraph 144 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 144.

## CLAIM 6 - (ALTERNATIVE) AVOIDANCE OF LIENS

## (11 U.S.C. §544)

145.     Defendant reasserts all of the foregoing paragraphs as if fully set forth herein.

146.     Paragraph 146 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 146.

147.     Paragraph 147 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 147.

ANSWER TO COMPLAINT – PAGE 18

148.     Paragraph 148 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 148.

149.     Paragraph 149 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 149.

150.     Paragraph 150 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 150.

## PRAYER FOR RELIEF

Answering Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief stated in paragraphs 1 through 7, or any other relief.

## AFFIRMATIVE DEFENSES

In asserting the following defenses, Defendant does not assume the burden of proving any element thereof that any applicable case law, common law, statute, rule, regulation or other authority places upon Plaintiff.

## FIRST DEFENSE

Defendant denies each allegation contained in the Complaint that is not expressly and specifically admitted herein.

## SECOND DEFENSE

The Complaint fails to state a claim under which relief can be granted, pursuant to Rule 7012(b)(6) of the Rules of Bankruptcy Procedure and any other applicable provision of law.

## REQUEST FOR ATTORNEY'S FEES

Defendant has been required to retain legal counsel to defend against Plaintiff's Complaint. Defendant requests an award of the costs and attorney's fees he incurs in defending against this action, pursuant to Idaho Code §§ 12-120 and 12-121.

## RESERVATION

This case has only recently been initiated. Therefore, Defendant reserves, among other things, the right to amend this pleading and assert any additional claims, counterclaims, cross-claims or defenses available.

## DEMAND FOR A JURY TRIAL

Defendant hereby demands a trial by jury under Rule 9015 of the Federal Rules of Bankruptcy Procedure on all claims to which Defendant is entitled to a trial by jury.

## PRAYER

WHEREFORE, Defendant prays for the following relief:

1.   That Plaintiff's Complaint be dismissed and Plaintiff take nothing;

2.   An award of the reasonable costs and fees, pursuant to Idaho Code §§ 12-120 and 12-121, and any other application provision, incurred in defending against Plaintiff's claims; and

3.   For such further relief as this court deems just and equitable.

RESPECTFULLY SUBMITTED this 2nd day of January, 2020.

ROARK LAW OFFICES

_____

Holly Roark, Attorney for Defendant

ANSWER TO COMPLAINT – PAGE 20

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 2, 2020, I filed the forgoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Holly Roark on behalf of Defendant <u>holly@roarklawboise.com</u>, <u>courtnotices@roarklawoffices.com</u>

Matthew Todd Christensen on behalf of Plaintiff Noah G. Hillen mtc@angstman.com,

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

N/A

/s/ *Holly Roark*

_____
Holly Roark